J-S51020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| FIKRI APTILIASIMOU | : | |
| | : | |
| Appellant | : | No. 1886 MDA 2018 |

Appeal from the PCRA Order Entered October 18, 2018
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0002876-2014

BEFORE:  PANELLA, P.J., GANTMAN, P.J.E., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.E.:                    **FILED DECEMBER 24, 2019**

Appellant, Fikri Aptiliasimou,[1] appeals from the order entered in the Luzerne County Court of Common Pleas, which denied his first petition brought pursuant to the Post-Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  We affirm and grant counsel's petition to withdraw.

In its opinion, the PCRA court correctly set forth the relevant facts and most of the procedural history of this case.  Therefore, we have no reason to restate them.[2]  We add that on June 23, 2019, counsel filed in this Court a

_____

[1] Appellant's last name appears variously throughout the certified record as "Aptiliasimou" and "Aptiliasimov."

[2] PCRA counsel filed a timely notice of appeal on November 2, 2018, which this Court docketed at No. 1816 MDA 2018.  Appellant filed a *pro se* notice of appeal on Monday, November 5, 2018, which this Court docketed at No. 1886

petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). On August 2, 2019, Appellant filed *pro se* in this Court an application for writ of mandamus. This Court initially entered an order that deferred disposition of Appellant's mandamus application to the merits panel but subsequently vacated that order on August 21, 2019, and forwarded the mandamus application to counsel pursuant to **Commonwealth v. Jette**, 611 Pa. 166, 23 A.3d 1032 (2011). On August 28, 2019, Appellant filed a *pro se* response to counsel's **Anders** brief.

Initially, in the context of a PCRA petition and request to withdraw, the appropriate filing is a "no-merit" letter/brief. **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). **But see Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004), *appeal denied*, 584 Pa. 691, 882 A.2d 477 (2005) (stating Superior Court can accept **Anders** brief in *lieu* of **Turner**/**Finley** letter, where PCRA counsel seeks to withdraw on PCRA appeal).

"Before an attorney can be permitted to withdraw from representing a petitioner **under the PCRA**, Pennsylvania law requires counsel to file and obtain approval of a 'no-merit' letter pursuant to the mandates of

---

MDA 2018. The PCRA court appointed new appellate counsel on November 6, 2018, who proceeded at No. 1886 MDA 2018, and this Court, on January 4, 2019, dismissed the appeal at No. 1816 MDA 2018.

*Turner*/*Finley*." *Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa.Super. 2003) (emphasis in original).

> [C]ounsel must…submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007). Counsel must also send to the petitioner a copy of the "no-merit" letter or brief and petition to withdraw and advise the petitioner of his right to proceed immediately either *pro se* or with new counsel. *Id.* To withdraw, counsel must assure this Court of the substantial compliance with these technical requirements. *Commonwealth v. Muzzy*, 141 A.3d 509, 510-11 (Pa.Super. 2016).

Instantly, counsel filed an *Anders* brief on appeal and a petition to withdraw as counsel. Although designated as an *Anders* brief, counsel's brief is a *Turner*/*Finley* brief in the context of the PCRA. Counsel listed the issues Appellant wished to raise and explained why Appellant's claims merit no relief. In counsel's petition to withdraw, counsel states that she sent Appellant another copy of the brief, a copy of the petition to withdraw, and a letter advising Appellant of his right to proceed immediately *pro se* or with private counsel to raise additional points he deems worthy of review. Thus, appellate counsel has now substantially complied with the *Turner*/*Finley* requirements. *See Karanicolas, supra*. Appellant responded *pro se* to counsel's

*Turner/Finley* brief on August 28, 2019. Appellant's response, however, did not raise additional issues. Accordingly, we proceed to an independent evaluation. *See Turner, supra* at 494-95, 544 A.2d at 928-29 (stating appellate court must conduct independent analysis and agree with counsel that appeal is frivolous).

Appellant raises three issues in the *Turner/Finley* brief:

WHETHER…APPELLANT'S GUILTY PLEA WAS KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY ENTERED AS ENGLISH IS NOT [APPELLANT'S] FIRST LANGUAGE AND A BULGARIAN INTERPRETER HAD BEEN PREVIOUSLY REQUESTED AND WAS NOT PRESENT AT THE TIME OF THE PLEA?

WHETHER APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE FOR [FAILING] TO ENSURE AN INTERPRETER WAS PRESENT AT THE TIME OF THE PLEA TO ENSURE [APPELLANT] UNDERSTOOD THE PROCEEDINGS?

WHETHER [APPELLANT'S] APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE THE ISSUE OF [APPELLANT'S] PLEA NOT BEING KNOWINGLY AND INTELLIGENTLY ENTERED AS HE DID NOT HAVE A BULGARIAN INTERPRETER?

(*Turner/Finley* Brief at 3).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101, 109 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*,

- 4 -

923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no similar deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa.Super. 2012). Traditionally, credibility issues are resolved by the trier of fact who had the opportunity to observe the witnesses' demeanor. **Commonwealth v. Abu-Jamal**, 553 Pa. 485, 527, 720 A.2d 79, 99 (1998), *cert. denied*, 528 U.S. 810, 120 S.Ct. 41, 145 L.Ed.2d 38 (1999). Where the record supports the PCRA court's credibility resolutions, they are binding on this Court. **Id.**

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable David W. Lupas, we conclude Appellant's issues merit no relief. The PCRA court opinion comprehensively discusses and properly disposes of the questions presented. (**See** PCRA Court Opinion, filed March 4, 2019, at 4-12) (finding: **(1)** before sentencing, Appellant moved to withdraw his plea, but not based on absence of interpreter; on direct appeal from judgment of sentence, Appellant did not challenge his guilty plea; as presented, this issue is waived; **(2-3)** both claims of ineffectiveness fail, because underlying allegation that Appellant needed interpreter at plea stage lacks arguable merit; record shows Appellant specifically indicated he understood guilty plea proceedings without interpreter; throughout proceedings in trial and PCRA courts, Appellant wrote to court in English and answered questions with cogent responses in English; further, during January 2016 guilty plea hearing, Appellant responded in

English throughout guilty plea colloquy, specifically denied needing interpreter for hearing, and indicated he understood English; at sentencing, Appellant did not indicate his English ability prevented him from entering valid guilty plea agreement; record shows Appellant did not need interpreter, and trial and appellate counsel did not render ineffective assistance in relation to Appellant's alleged need for language assistance).  The record supports the reasoning of the PCRA court.  After an independent examination of the record, we conclude the appeal is frivolous.  **_See Turner, supra_**.  Accordingly, we affirm based on the PCRA court's opinion and grant counsel's petition to withdraw.

Order affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/2019

COMMONWEALTH OF PENNSYLVANIA
11TH JUDICIAL DISTRICT

COMMONWEALTH OF PENNSYLVANIA     :     IN THE COURT OF COMMON PLEAS
                                        :           OF LUZERNE COUNTY
                                          :

                        v.                           :

                                          :           CRIMINAL DIVISION
FIKRI APTILIASIMOV                       :

                                          :
              Defendant / Appellant    :

                                          :           No. 2876 of 2014
                                          :

---

## **OPINION**

BY:   THE HONORABLE DAVID W. LUPAS

I.    **FACTS AND PROCEDURAL HISTORY**:

This matter originated with a one (1) count Criminal Information filed against the above-named Defendant by the District Attorney of Luzerne County on November 13, 2014.[1] The Defendant was charged with Possession with Intent to Deliver (PWID), 35 § 780-113(A)(30), an ungraded felony, and trial counsel was appointed to represent him. While represented by counsel, the Defendant signed a written plea agreement with the Commonwealth and appeared before this Court on January 5, 2016, to formally enter a guilty plea to the PWID charge.[2] Following a full guilty plea colloquy, we accepted the Defendant's guilty plea to PWID, sentencing was scheduled for a separate date, and a pre-sentence investigation (PSI) was ordered to be completed by the Luzerne County Adult Probation and Parole Department. N.T. 1/5/16 at 2-7.

---

[1] The Defendant is a foreign born citizen of the United States, and has been a resident of Luzerne County, Pennsylvania since 1972. N.T. 1/5/16 at 4; N.T. 10/4/18 at 19.
[2] The Defendant previously appeared before the Court to enter a guilty plea to the charge against him on September 30, 2018, but chose not to do so at that time.

1

On March 21, 2016, the Court proceeded to sentencing.[3] With the aid of the PSI, which had been reviewed by the Defendant and his counsel, the Court sentenced the Defendant to a standard range sentence of twenty-seven (27) to seventy-two (72) months incarceration in a State Correctional Institution. N.T. 3/21/16 at 2, 9-10. No post-sentence motions were filed by the Defendant.

On April 1, 2016, the Defendant filed a timely counseled Notice of Appeal, asserting that this Court abused its discretion when imposing his sentence. On February 6, 2017, the Superior Court affirmed the Defendant's sentence, finding frivolous his allegation that the Court abused its discretion in imposing sentence, and finding that there were no additional meritorious issues. Superior Court Memorandum filed 2/6/17. The Defendant did not seek review before the Pennsylvania Supreme Court. On November 7, 2017, however, he filed a timely *pro se* petition for relief under the Post Conviction Collateral Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[4] PCRA counsel was appointed

---

[3] At the commencement of the sentencing hearing, the Defendant sought permission to withdraw his guilty plea on the grounds that he had not been wearing his glasses when he signed the plea agreement, he did not read the agreement, and trial counsel did not tell him the agreement was to PWID. N.T. 3/21/16 at 3-4. This Court denied the Defendant's request to withdraw his plea on these grounds, noting the extensive plea colloquy that occurred prior to the Court's acceptance of the plea. *Id*. at 4-5. Additionally, the Court found credible the statement of trial counsel, who indicated to the Court that (1) counsel had explained to the Defendant that the charge against him was PWID based on the quantity of the controlled substance involved; and (2) the Defendant decided to enter into the plea agreement to PWID after he and counsel discussed the matter in detail. *Id*. at 4-5.

[4] The November 7, 2017, PCRA petition sought post-conviction relief under Sections 9543(a)(2)(i) ("A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place"); (ii) ("Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place"); and (iii) ("A plea of guilty unlawfully induced where the circumstances make it likely that the inducement

2

to represent the Defendant, and a PCRA hearing was held on October 4, 2018.[5] The Defendant testified on his own behalf, and counsel for both parties offered argument in support of their positions. At the conclusion of the hearing, this Court denied the Defendant's request for post-conviction relief. On November 2, 2018, the Defendant filed a timely counseled Notice of Appeal of the October 4, 2018 denial of post-conviction relief.[6] The Defendant was directed to file a Pennsylvania Rule of Appellate Procedure 1925(b) statement, and, after being granted an extension of time, did so in a timely manner on December 27, 2018.

## II.     LAW AND DISCUSSION:

---

caused the petitioner to plead guilty and the petitioner is innocent"). Specifically, the PCRA petition alleged that: (1) "[T]rial counsel took advantage of the fact that the Defendant has difficulty understanding the English language;" (2) "[W]hen trial counsel had the Defendant sign his guilty plea colloquy, he put his hand over the top of the paper and told the Defendant to sign it. The Defendant could not see nor did he know what he was signing;" (3) "There was no interpreter present to discuss the situation as ordered;" (4) "Trial counsel originally told the Defendant that he would get a misdemeanor possession charge;" and (5) "Trial counsel failed to discuss the colloquy. As a result the Defendant did not know what he was signing." _Id_. at 4, attachment.

In addition to the November 7, 2017 PCRA petition, and prior to the appointment of PCRA counsel, the Defendant filed a second _pro se_ PCRA petition on March 12, 2018, asserting eligibility under Section 9543(a)(2)(iv) ("The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court"), and claiming that the trial court improperly conducted the Defendant's plea colloquy without an interpreter being present, rendering the colloquy inadequate. PCRA petition filed 3/12/18 at Attachment.

Although the Defendant did not specifically request permission to amend his original PCRA petition, this Court accepted the issues collectively raised by both petitions.
[5] Prior to the PCRA hearing, appointed counsel filed a motion to withdraw, but the motion was not granted and counsel was present at the hearing to represent the Defendant.
[6] The Defendant also filed a _pro se_ Notice of Appeal on November 5, 2018, which this Court will disregard, as a defendant is not entitled to hybrid representation. _Commonwealth v. Johnson_, 179 A.3d 1153, 1157 (Pa. Super. 2018) (_citing Commonwealth v. Tedford_, 598 Pa. 639, 960 A.2d 1, 10 n.4 (2008) ("[A] criminal defendant currently represented by counsel is not entitled to hybrid representation)).

3

The Defendant's counseled Rule 1925(b) statement indicates that he intends to argue the following three issues on appeal before the Superior Court:

a. Defendant's guilty plea was not knowingly, intelligently and voluntarily entered as English is not the Defendant's first language, a Bulgarian interpreter had been previously requested and was not present at the time of the plea.

b. Defendant's trial counsel was ineffective for failing to ensure an Interpreter was present at the time of the plea to ensure the Defendant understood the proceedings; and

c. Defendant's appellate counsel was ineffective for failing to raise the issue of Defendant's plea not being knowingly and intelligently entered as he did not have a Bulgarian Interpreter.

Rule 1925(b) Statement filed 12/27/18.

In order to be eligible for post-conviction relief, a petitioner must establish by a preponderance of the evidence that his conviction or sentence resulted from one or more of the grounds enumerated in 42 Pa.C.S.A. § 9543(a)(2), and that the allegations of error have not been previously litigated or waived. 42 Pa.C.S.A. § 9543(a)(3). "[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding." 42 Pa.C.S.A. § 9544(b); _Commonwealth v. Turetsky_, 925 A.2d 876, 879 (Pa. Super. 2007) (A claim that the defendant's guilty plea was not knowingly, intelligently and voluntarily made was found waived on the grounds that the claim could have been raised on direct appeal but was not)).

4

As such, with regard to the Defendant's first issue, he must establish by a preponderance of the evidence that his plea of guilty was unlawfully induced because he requested, but was not provided, an interpreter and that such circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent, AND that he must show that this issue was not previously litigated or waived. 42 Pa.C.S.A. §§ 9543(a)(2)(iii), (3). "Ordinarily, failure to petition to withdraw a plea, combined with failure to pursue direct appeal will bar consideration of an attack on one's plea in collateral proceedings." *Commonwealth v. Rachak*, 62 A.3d 389, 395 (Pa. Super. 2012).

As noted above, the Defendant sought to withdraw his plea, but not based on the absence of an interpreter. Further, although the Defendant filed a direct appeal of his sentence, it did not challenge the validity of his guilty plea on *any* ground. Because the Defendant could have, but did not, challenge the validity of his plea based on the lack of an interpreter, the Defendant has waived the challenge. 42 Pa.C.S.A. §§ 9543(a)(3); 9544(b)); *Rachak*, 62 A.3d at 396.

In addition to the above issue, however, the Defendant also layers his request for post-conviction relief by alleging that trial counsel was ineffective for failing to secure an interpreter for the guilty plea hearing and that appellate counsel was ineffective for failing to raise the validity of the Defendant's plea in the absence of an interpreter.

Generally speaking, in order to establish that counsel rendered ineffective assistance, a defendant must establish (1) that the underlying issue has arguable merit; (2) that counsel did not have a reasonable basis for his or her actions; and (3) that prejudice resulted from counsel's performance. *Commonwealth v. Reyes*, 582 Pa. 317,

5

330, 870 A.2d 888, 896 (2005) (citing *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987)). To preserve a layered ineffective assistance of counsel claim, appellant must plead and prove that: (1) trial counsel was ineffective for a certain action or failure to act; and (2) direct appeal counsel was ineffective for failing to raise trial counsel's ineffectiveness. *Commonwealth v. Thomas*, 615 Pa. 477, 486, 44 A.3d 12, 17 (2012). An appellant must meet all three prongs of the *Pierce* test as to each relevant layer of representation, and if the appellant fails to prove any of the three *Pierce* prongs as to trial counsel's ineffectiveness, he will have failed to establish the arguable merit prong of the layered claim of appellate counsel's ineffectiveness, and the claim fails. *Thomas, supra; Reyes, supra.*

It is also well-settled that counsel will not be deemed ineffective for failing to raise a baseless issue and it is only when the underlying issue is of arguable merit that further inquiry must be made into the reasonableness for counsel's actions and the prejudice that counsels actions may have caused. *Reyes, supra.*

Here, because the lengthy record before this Court shows that the Defendant's underlying allegation that he needed an interpreter is baseless and without arguable merit, he cannot succeed in his ineffectiveness of counsel claims and is not entitled to post-conviction relief. As detailed below, a thorough review of the record shows that the Defendant specifically indicated that he understood the guilty plea proceedings without an interpreter. At no point during the guilty plea, sentencing, or PCRA hearings did the Defendant exhibit any sign that he did not understand the questions posed to him in English. During each and every proceeding before this Court the Defendant was able to provide cogent and often lengthy answers, in English, to the questions posed to him. Any

6

self-professed difficulty understanding spoken or written English stands in direct contrast to the Defendant's own words. Instead, the evidence shows that the Defendant has a full grasp of the English language, and that he specifically denied needing an interpreter.

Specifically, as the record clearly reflects, the Defendant is a U.S. Citizen and has been a resident of Pennsylvania since 1972. N.T. 1/5/16 at 4; N.T. 10/4/18 at 19. While living in Pennsylvania, the Defendant owned and operated an auto repair business. N.T. 10/4/18 at 18-19. The Defendant has three English speaking children, and acknowledges that he communicates with them in English. *Id*. at 18. He was arraigned on November 14, 2014, and appeared before the Court on five occasions without the issue of an interpreter being raised. 2/17/15 hearing; 3/2/15 hearing; 4/7/15 hearing; 5/12/15 hearing; 5/18/15 hearing. In addition, on May 5, 2015, the Defendant wrote to this Court to provide the Court with "incite" into his background. Letter dated 5/5/15, forwarded to defense counsel via letter dated 5/29/15. In this letter the Defendant specifically indicated to the Court that he can read English. *Id*.

It was not until September 30, 2015 (after the matter had been proceeding in spoken English without an interpreter as detailed above, and after the Defendant indicated to the Court that he can also read English) that the issue of an interpreter appears anywhere of record. On that date, a notation appeared on a disposition sheet that the Defendant "needs a Bulgarian interpreter." Disposition sheet dated 9/30/15. Significantly, however, at the subsequent guilty plea hearing held on January 5, 2016, the Defendant specifically denied needing an interpreter.

A review of the guilty plea hearing transcript reveals the following: At the commencement of the hearing, the Court inquired of the Defendant, in English, if it was

7

the Defendant's intention to enter into a guilty plea agreement to the charge of possession with intent to deliver heroin, an ungraded felony. N.T. 1/5/16 at 3. The Defendant responded, "yes, your Honor." *Id.* The Court then indicated to the Defendant that he would be asked a series of questions before his plea could be accepted, and directed the Defendant to let the Court know if anything was said that the Defendant did not understand. *Id.* The Defendant acknowledged this instruction, and proceeded to answer, *in detailed and grammatically correct English*, each of the Court's questions regarding his age, level of education, employment history, his United States citizenship, his parole status, and his awareness that parole may be revoked in light of a conviction in the current matter. *Id.* at 3-4.

The Court then specifically asked the Defendant whether he had "difficulty reading, writing or understanding the English language," and whether he could "understand everything *without the use of an interpreter.*" *Id.* at 4 (emphasis added). The Defendant responded, "I understand." *Id.* Following this exchange, the Defendant responded to additional questions from the Court, *in English*, indicating that he was not under the influence of drugs of alcohol, that he had discussed and reviewed the matter with his attorney, that he reviewed and signed the written plea agreement, and that he understood the possible ranges of sentence and the applicable statutory maximum sentence. *Id.* at 4-5.

After the Commonwealth read into the record a brief recitation of the facts leading to the charges against the Defendant, the Defendant indicated to the Court that he was admitting to the things described. *Id.* at 5-6. Finally, the Defendant acknowledged to the Court that he understood that he did not have to plead guilty, that he had a right to plead

8

not guilty and request a trial, that if he did request a trial the burden would be on the Commonwealth to prove each element of the crimes charged beyond a reasonable doubt, that by pleading guilty he was waiving his right to trial. *Id*. at 6. Before accepting the Defendant's plea, the Court asked him if he had any questions or if there was anything that he didn't understand about what he was pleading to. *Id*. at 7. The Defendant unequivocally responded in the negative, and the plea was accepted. *Id*.[7]

Prior to the sentencing hearing, a PSI was completed. The preparer noted the Defendant's age, height, weight, eye and hair color, as well as indicating that the Defendant's physical health was poor and he was seeking medical treatment for a bad back. PSI dated 3/9/16 at p. 4. The preparer also noted that the Defendant denied any mental health issues. *Id*. Nowhere in the PSI, however, did the preparer indicate that the Defendant requested an interpreter to assist him in participating in PSI process, nor did the preparer indicate that the Defendant was unable to participate in the process without an interpreter.

At the commencement of the Defendant's March 21, 2016 sentencing hearing, his counsel indicated to the Court that against counsel's advice, the Defendant wished to withdraw his guilty plea. N.T. 3/21/16 at 3. When the Court asked why the Defendant wished to withdraw his plea the Defendant's responses clearly demonstrated his understanding of the English language. Specifically, the Defendant stated as follows:

---

[7] The transcript of the Defendant's January 5, 2016 guilty plea hearing will only allow the Superior Court to view the *words* used by the Defendant to answer the Court's questions. With regard to the *manner* in which the Defendant responded, however, this Court can unequivocally state for the record that nothing in the way in which the Defendant responded caused the Court to doubt that the Defendant fully understands written and spoken English.

9

> I'm withdrawing the plea, Your Honor, because I signed something that I already did six months ago, withdraw the same PWID. I was kind of hoping [trial counsel] got me a simple possession, and that's why I signed the paperwork. I apologize for my misunderstanding.
>
> ...
>
> [Trial counsel] never told me I was signing PWID. I didn't have my glasses, and I didn't read the paper. I kind of trusted him. I'm not signing PWID, Your Honor. You know, six months ago, I went through the same thing; and I will take it today, simple possession and time served and forfeit the money. That's the only thing – I'm tired of it. I want to spend time with my grandchildren instead of prisoners out there.

*Id.* at 3-4.[8] At no point during the sentencing hearing did the Defendant indicate that an inability to understand English had prevented him from entering into a valid guilty plea agreement or that it prevented him from understanding the sentencing proceedings. At no point during the sentencing hearing did the Defendant ask for an interpreter.

Following the affirmance of the Defendant's sentence on direct appeal, he filed two PCRA petitions, in English, raising the issues set forth above. At the commencement of the October 4, 2018 PCRA hearing, PCRA counsel addressed whether the Defendant needed an interpreter. Counsel indicated that before the hearing began the Defendant had asked if his interpreter was present. N.T. 10/4/18 at 2. Counsel acknowledged to the Court, however, that the record clearly revealed that not only had the Defendant failed to request an interpreter for the hearing, but that he had previously expressly indicated to the Court, on the record, that he did not need an interpreter. *Id.* Counsel further acknowledged to the Court that prior to the morning of the PCRA hearing, the Defendant

---

[8] The Court denied the Defendant's request to withdraw his plea, noting that the Defendant had already entered and withdrawn his plea once before in this matter, that he had re-entered it after a full guilty plea colloquy, and that he was clearly well aware of the nature of the legal proceedings in which he was participating. N.T. 3/21/16 at 5-6. Additionally, the Court specifically found the Defendant's assertions to contrary to be not credible. *Id.* at 7

10

had never indicated to counsel that he needed an interpreter, and counsel further explained that during the Defendant's lengthy conversations with counsel the Defendant did not appear to counsel to have any problem communicating without the aid of an interpreter. *Id.* at 3-4. Following a discussion with the Defendant regarding his ability to understand the English language, the Court noted for the record that the Defendant was communicating in perfect English, and obviously understood "the process, the procedures, what felonies are, what simple possession versus possession with intent is ... legal terms and legal concepts." *Id.* at 4-5. As such, the Court determined that the Defendant did not need an interpreter. *Id.* at 5.

The PCRA hearing continued, and the Defendant testified that he did not understand the guilty plea agreement that he signed because "[a]t the time I couldn't read it. I didn't see anything in writing. Nobody showed me." *Id.* at 8. Additionally, the Defendant reiterated his claim that he signed the plea agreement because trial counsel did not tell him it was to a felony charge. *Id.* When the Defendant was asked why he had indicated to the Court at the time of the guilty plea hearing that he did not need an interpreter, the Defendant initially indicated that he was merely doing what trial counsel told him to do. *Id.* at 9-10. Then, for the first time in the entire course of this lengthy matter, the Defendant asserted that he "couldn't even hear anything," and that he had been reading lips in order to answer questions. *Id.* at 10.[9]

_____

[9] The Court found this assertion to be incredible, and noted for the record that the Defendant had appropriately answered all questions posed to him by PCRA counsel, even though the Defendant had not been watching PCRA counsel speak. N.T. 10/4/18 at 11-12. The Court viewed this assertion to be nothing more than a "change in tactics" that further evidenced that the Defendant was fully aware of what was going on during the course of this matter, and was attempting to manipulate the system to avoid the consequences of his earlier knowing, voluntary, and intelligent decision to plead guilty.

11

In addition to the above referenced testimony demonstrating the Defendant's grasp of the English language, we note that during the course of the PCRA hearing the Defendant coherently and concisely explained to the Court, in English, the circumstances under which he filed his second PCRA petition, and offered lengthy, coherent answers to the questions posed to him, in English, without the aid of an interpreter. N.T. 10/4/18 at 6-7, 13-15, 18-19.

Because the record overwhelmingly belies the Defendant's assertion that he needs an interpreter, it was well within this Court's discretion to conduct the proceedings in this matter, including the guilty plea hearing, in the absence of such an interpreter. In re Garcia, 984 A.2d 506, 511 (Pa. Super. 2009) (Explaining that "[a]s a general rule, the determination of whether an interpreter is warranted in a particular case is within the sound discretion of the [trial] court.").[10] Further, the record fully supports the conclusion that the Defendant knowingly, voluntarily, and intelligently entered into a guilty plea agreement despite the lack of an interpreter. Because the record clearly shows that the Defendant did not need an interpreter, neither his trial counsel nor his appellate counsel rendered ineffective assistance in relation to the failure to provide the Defendant with an interpreter, and the Defendant is not entitled to post-conviction relief.

**END OF OPINION**

---

[10] The facts of Garcia are very similar to the case at hand, in that the defendant therein initially voiced no difficulty in understanding the proceedings, but then requested an interpreter, before finally engaging the court and his counsel in English during numerous subsequent proceedings. In re Garcia, 984 A.2d at 511. The trial court refused to provide an interpreter, explaining that "[t]he demeanor and responses made by [Appellant] evidenced an effort to stymie the proceedings, rather than a genuine inability to comprehend the proceedings," and the Superior Court found no abuse of discretion in this decision. Id. at 512.

12